# METZGER v. WASHINGTON POST COMPANY.

### Libel; Pleading.

1. A publication of a court proceeding, reciting that certain persons were, on motion of an attorney named, made parties to an action *in forma*

*pauperis*, is not libelous *per se* of the attorney, where the publication on its face indicated that the motion was made by the attorney in the cause in accordance with the ordinary practice, and there was nothing to show that the party for whom the application was made and the attorney were the same person except that they bore the same surname.

2. It is essential in libel for the plaintiff to directly charge in his colloquium the specific application of the libelous matter, as such facts cannot be left to inference. (Following *Warner* v. *Baker*, 36 App. D. C. 493).

3. A publication reciting that, in the action of "Metzger v. Kelly et al., E. W. Markham and Morris Hacker [were] made parties appellee in place of William Kelly and Snowden Ashford on motion of Mr. Percy Metzger *in forma pauperis,*" does not charge a false or malicious libel, in that Percy Metzger was thereby accused of presenting a motion in his own behalf in a cause wherein he was appellant, since the publication does not show that the Percy Metzger who made the motion as counsel for the appellant was also the appellant.

No. 2516. Submitted May 9, 1913. Decided June 2, 1913.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to a declaration in libel, and dismissing the action.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Victor H. Wallace* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, Percy Metzger, appeals from a judgment sustaining a demurrer to his declaration and dismissing an action brought by him against the Washington Post Company for the publication of a libel.

The publication occurred in the daily court report of the. Washington Post, a newspaper published in the city of Washington, and reads as follows: "No. 2355. Metzger v. Kelly et al. E. W. Markham and Morris Hacker made parties appellee in place of William Kelly and Snowden Ashford on motion of Mr. Percy Metzger *in forma pauperis.*"

It is evident that the reporter mistook the official entry which he undertook to copy; but the charge is that plaintiff has been greatly injured in his good name and credit, and brought into ill repute and disgrace by the publication signifying that he was unable or unwilling to pay his proper obligations, whereas the plaintiff is, and has always been, financially able to meet the charges of any litigation to which he is a party. The contention is that the charge that he made parties *in forma pauperis,* is therefore libelous *per se.* The mere charge that a person is a pauper can hardly be libelous *per se;* but it is possible that a publication indicating that a litigant has attempted to exercise the right to maintain an action *in forma pauperis,* as a foundation for which an affidavit of inability to pay costs or give security for the same is necessary, might, if false, be libelous *per se,* as implying a charge of false swearing, or of imposition upon the court. But, if so, it must be made to appear that he was an actual litigant in the cause. It is no reflection upon an attorney to present such a motion where the foundation is furnished by his client; on the contrary it is in the line of his duty. To make the publication a libel, it would be necessary to publish, in addition, that he had made the motion knowing that it was not founded in truth, and was therefore an active party to a fraud upon the court. The publication in this case, on its face, indicated that the motion was made by the plaintiff as attorney in the cause, in accordance with the ordinary practice, and without any improper intent or object. The publication does not show that Metzger, the appellant in the cause reported, was the same person as Percy Metzger, who appeared as attorney of record for the said appellant. To make a case of libel under any circumstances, it was necessary for the plaintiff to show in his colloquium the specific application

of the libelous matter. This he has not done. The allegation preceding the exact words of the publication charges the same to be a false and malicious libel, "whereby he was falsely accused of having presented a motion in his own behalf in a cause wherein he was appellant, to the court of appeals of the District of Columbia *in forma pauperis,* meaning thereby that the plaintiff was a pauper and forced, because of his poverty, to prosecute litigation in the court of appeals in the District of Columbia without the usual payment of court costs, as follows." This is a specific charge of the fact that the publication falsely accused him of presenting a motion in his own behalf in a cause wherein he was appellant. Clearly the publication did not do this; it neither shows nor charges that Percy Metzger, who made the motion as counsel for the appellant, was, himself, the appellant also. There should have been an independent allegation in the part of the declaration that is known technically as the colloquium, that, in the pending cause, Percy Metzger was the party appellant as well as the attorney representing himself, and that the defendant, knowing the fact, falsely accused him, etc. The fact must not be left to inference, but directly charged. *Warner* v. *Baker,* 36 App. D. C. 493–501.

We find no error in the order sustaining the demurrer, and as the plaintiff declined to amend, his declaration was rightly dismissed.

The judgment is affirmed, with costs.          *Affirmed.*

A motion by the appellant for the modification of the judgment was denied October 9, 1913.